IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUANE MCKINNEY, | : | |
| Petitioner, | : | 1:16-cv-1624 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN OF USP CANAAN, | : | |
| Respondent. | : | |

## MEMORANDUM

### October 6, 2016

Presently before the court is a petition for writ of habeas corpus (Doc. 1-1) pursuant to 28 U.S.C. § 2241 filed by petitioner Duane McKinney ("McKinney"), a federal inmate incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania.  McKinney originally filed the petition in the United States Court of Appeals for the District of Columbia ("D.C. Circuit").  (Doc. 1, p. 7).  The matter was transferred to this Court on August 5, 2016.  (*Id.*).  Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  *Id.* at R.1(b).

## I.   <u>BACKGROUND</u>

In April 2008, following a jury trial in the United States District Court for the District of Columbia, McKinney was found guilty of four counts of mail fraud in violation of 18 U.S.C. § 1341, two counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of engaging in monetary transactions in violation of 18 U.S.C. § 1957, and three counts of first degree theft in violation of D.C.Code § 22-3212(a).  *United States v. McKinney*, 373 F. App'x 74, 74 (D.C. Cir. 2010).

"On July 1, 2008, McKinney, through counsel, moved for reconsideration of the trial court's order granting his prior request to represent himself at trial. The District Court treated the motion for reconsideration as a motion for a new trial and orally denied it after a hearing."  *United States v. McKinney*, 373 F. App'x 74, 75 (D.C. Cir. 2010).   McKinney appealed.  The D.C. Circuit remanded the matter to the district court to "determine with clarity whether the defendant lacked the mental capacity to represent himself at trial" in accordance with *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 2387-88 (2008) (holding that "the Constitution permits Judges to take a realistic account of a defendant's mental capacities by asking whether a the defendant who seeks to conduct his own defense at trial is mentally competent to do so.")."  *McKinney*, 373 F. App'x at 74.  On remand the district court concluded that McKinney "ha[d] the ability to make an informed decision about his desire to represent himself and that he was . . .

competent to make that decision and waive his right to counsel." *United States v. McKinney*, 737 F.3d 773, 776 (D.C. Cir. 2013).  This determination was upheld on appeal.  *Id.*

Thereafter, on January 8, 2009, McKinney was sentenced to 150 months' incarceration for the mail and wire fraud, 120 months' imprisonment for each of the monetary transaction counts, and sixty months for the theft convictions, all sentences to run concurrently.  (*See* electronic docket, *United States v. McKinney*, 1:07-cr-0113).  Additionally, he was sentenced to concurrent terms of three years supervised release on all counts and restitution in the amount of $912,630.75.  (*Id.*)

On July 28, 2015, the district court construed a number of McKinney's post-sentence filings as a "motion for habeas corpus relief pursuant to 28 U.S.C. § 2255" and denied relief.  (*See* electronic docket, *United States v. McKinney*, 1:07-cr-0113).  McKinney sought reconsideration a second, third, and fourth time. Each time, the district court denied relief because McKinney had not received certification to pursue a second or successive petition from the relevant court of appeals pursuant to 28 U.S.C. § 2255(h).  (*See* electronic docket, *United States v. McKinney*, 1:07-cr-0113, Docs. 264, 266, 268).

On May 25, 2016, McKinney sought certification to file a second or successive motion pursuant to 28 U.S.C. § 2255 in the D.C. Circuit.  (*See*

electronic Docket, *In re Duane McKinney*, 16-3029).  On July 29, 2016, the D.C.

Circuit ordered as follows:

> . . . that the petition for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 be denied.  Petitioner cites Johnson v. United States, 135 S.Ct. 2552 (2015), in which the Supreme Court held that the residual clause contained in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague.  Petitioner, however, did not receive a sentencing enhancement based on a "violent felony."  Therefore, he has not made a prima facie showing that his claim relies on Johnson.  See 28 U.S.C. § 2244(b).  To the extent petitioner argues the indictment was defective and his sentence is "per se illegal," he has not shown that these claims are based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2255(h).  It is
>
> FURTHER ORDERED that the petition for writ of habeas corpus be transferred to the United States District Court for the Middle District of Pennsylvania.  See Fed.R.App. P. 22(a); 28 U.S.C. § 1631.  Whether the petition is construed as raising habeas or § 1983 claims, it belongs in district court.  See Rumsfield v. Padilla, 542 U.S. 426 (2004) (habeas jurisdiction lies in district with jurisdiction over petitioner's custodian); 28 U.S.C. § 1331 (vesting district court with original jurisdiction over civil actions).

(Doc. 1, pp. 7-8).

As noted *supra*, the instant action was received in this Court on August 5,

2016, and, based on McKinney's position that his sentence is illegal "premised

upon 18 U.S.C., Residual Clause, Due Process Clause, Statutory Guideline and

The Sentencing Reform Act," and, because he is requesting either reversal of his

conviction or resentencing, the matter will be construed, and ruled upon, as a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (*See* electronic

Docket, *In re Duane McKinney*, 16-3029, Document 1615326, p. 4).

## II.   <u>DISCUSSION</u>

Challenges to the legality of federal convictions or sentences that are

allegedly in violation of the Constitution may generally be brought only in the

district of sentencing pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307

F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974));

*see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section

2255, an individual is prohibited from filing a second or subsequent 2255 petition

unless the request for relief is based on "newly  discovered evidence" or a "new

rule of constitutional law."  28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

The D.C. Circuit has clearly foreclosed McKinney from pursuing his current

claim via a § 2255.  However, such claims may not be raised in a § 2241 petition

except in unusual situations where the remedy by motion under § 2255 would be

inadequate or ineffective.  *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-

52.  Importantly, §2255 is not "inadequate or ineffective" merely because the

sentencing court has previously denied relief.  *See id*. at 251.  Nor do legislative

limitations, such as statutes of limitation or gatekeeping provisions, placed on §

2255 proceedings render the remedy inadequate or ineffective so as to authorize

pursuit of a habeas corpus petition in this court.  *Cradle v. United States*, 290 F.3d

536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000);

*Dorsainvil*, 119 F.3d at 251.  Rather, only when a federal prisoner is in an unusual

position of having no earlier opportunity to challenge his conviction or where he

"is being detained for conduct that has subsequently been rendered noncriminal by

an intervening Supreme Court decision" can he avail himself of § 2241.

*Dorsainvil*, 119 F.3d at 251–52.  McKinney cannot now show that a § 2255 motion

is "inadequate or ineffective"—and that resort to § 2241 is therefore available—

simply because he has been denied relief by the sentencing court.  *See Cradle*, 290

F.3d at 539. fails to demonstrate that § 2255 has been rendered inadequate or

ineffective.

    The remedy afforded under § 2241 is not an additional, alternative, or

supplemental remedy to that prescribed under § 2255 and McKinney fails to

demonstrate that he falls within the *Dorsainvil* exception  If a petitioner improperly

challenges a federal conviction or sentence under section 2241, as is the case here,

the petition must be dismissed for lack of jurisdiction.  *Application of Galante*, 437

F.2d 1154, 1165 (3d Cir. 1971).

**III.   CONCLUSION**

    For the above stated reasons, the court will dismiss this § 2241 petition for

lack of jurisdiction.

    An appropriate order will issue.